UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    STARFIRE SYSTEMS, INC.,

                    Debtor.

Case No. 09-12989

Chapter 11

# FIRST AMENDED CHAPTER 11 REORGANIZATION PLAN

The Debtor, Starfire Systems, Inc., proposes the following First Amended Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code.

## ARTICLE I

## DEFINITION

For the purposes of the Plan, the following terms shall have the respective meanings hereinafter set forth:

1.01　"Administrative Expense Claim" shall mean any Allowed Claim arising or accruing on or after the Filing Date, which is entitled to priority in accordance with §§503(b) and 507(a)(1) of the Code.

1.02　"Allowed Amount" shall mean: (a) the amount of a Claim that is listed in the Debtor's Schedules, as they may from time to time be amended in accordance with Rule 1009 of the Bankruptcy Rules, as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a Proof of Claim with the Bankruptcy Court within the applicable period of limitation fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules,

or (b) if a holder of a Claim has filed a Proof of Claim with the Bankruptcy Court within the applicable period of limitation fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules or otherwise: (i) the amount stated in such Proof of Claim, if no objection to such Proof of Claim has been interposed within the applicable period of limitations fixed by the Code or applicable Bankruptcy Rules, or as otherwise fixed by the Bankruptcy Court, or (ii) such amount as shall be fixed by an Order of the Bankruptcy Court which has become a Final Order, if an objection has been interposed within the applicable period of limitations fixed by the Code, applicable Bankruptcy Rules, or the Bankruptcy Court, or (iii) with respect to a Fee Request, such amount as shall be fixed by an Order of the Bankruptcy Code which has become a Final Order.

1.03     "Allowed Claim" shall mean any such Claim for which an Allowed Amount has been determined.

1.04     "Allowed Priority Claim" shall mean all Allowed Claims against the Debtor, as determined in accordance with §507(a) of the Code.

1.05     "Allowed Interest" shall mean any Interest which has not been timely disputed, or, if timely disputed, which has been allowed by Order of the Bankruptcy Court which has become a Final Order.

1.06     "Allowed Secured Claims" shall mean Allowed Claims against the Debtor, if any, as of the Filing Date, that are secured by a lien on, or security interest in property in which one or more of the Debtors has an interest, as of the Confirmation Date, determined in accordance with §506(a) of the Code.

- 2 -

056420/00000 Litigation 7381853v2

1.07 "Ballot" shall mean the form or forms that will be distributed to all Classes which are impaired pursuant to §1124 of the Code in connection with the Debtor's solicitation of acceptances or rejections of this Plan.

1.08 "Bankruptcy Court" shall mean that unit of the United States Bankruptcy Court for the Northern District of New York consisting of those Bankruptcy Judges in regular active service in such District, or any other Court having competent jurisdiction to enter an Order confirming the Plan.

1.09 "Case" shall mean the Debtor's consolidated reorganization case under Chapter 11 of the Code, Case No. 09-12989.

1.10 "Cash" shall mean payments to be made by the Estate pursuant to this Plan, by check drawn on the account of the Debtor.

1.11 "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

1.12 "Claimant" shall mean the holder of a Claim.

1.13 "Class" shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.14 "Class "1" Claims, Class "2" Claims, Class "3" Claims, Class "4" Claims", Class "5" Claims, Class "6" Claims and Class "7" Claims shall mean the Allowed Claims so classified in Article III.

056420/00000 Litigation 7381853v2

1.15 "Code" shall mean the Bankruptcy Code, 11 U.S.C. §101, et seq., and any amendments thereof.

1.16 "Confirmation Date" shall mean the date upon which the Order of Confirmation is entered by the Court.

1.17 "Court" shall mean the United States Bankruptcy Court for the Northern District of New York, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.18 "Effective Date" shall be July 1, 2010 or the first day of the month next following the date of the Order of Confirmation.

1.19 "Interest" shall mean a share of stock in the debtor's corporation.

1.20 "Order of Confirmation" shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, which Order is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.21 "Petition Date" shall mean August 13, 2009, the date the debtor's Chapter 11 Petition was filed.

1.22 "Plan" shall mean this Chapter 11 Reorganization Plan, amended in accordance with the terms hereof or modified in accordance with the Code.

1.23  "Plan Term" shall be Thirty (30) days, or less, if the Debtor so elects.

1.24  "Pro-Rata" shall mean in the same proportion as a particular allowed claim bears to the aggregate of allowed claims within the same class of debt.

ARTICLE II

ADMINISTRATIVE AND PRIORITY CREDITORS

The administrative expense of the Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code and each allowed claim entitled to priority pursuant to §507(a)(1) of the Code shall be paid in full upon the Effective Date unless otherwise ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such allowed expense or claim and the Debtor. The administrative fees due to the U.S. Trustee will be paid not later than ten (10) days after the Effective Date.

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

| Class | Description |
| --- | --- |
| Class 1 | Attorneys' and accountants' fees and other claims allowed in accordance with Sections 503(b) and 507(a)(1) of the Bankruptcy Code; |
| Class 2 | Secured Claim of HSBC Bank f/k/a Marine Midland Bank; |
| Class 3 | Secured Claim of Palladium Equity Partners III, L.P.; |
| Class 4 | Disputed Secured Claims of: Henry McDonald, Richard Saburro, Counter Point Ventures Fund, LP, James Gibson, Philip Gross and Opalka Family Investment Partners, LP; |
| Class 5 | General Unsecured Creditors; |
| Class 6 | Allowed Secured Claim of former Landlord on two (2) pieces of equipment arising from a Pre-Petition Attachment Order; |
| Class 7 | Pre-Petition Shareholders. |

056420/00000 Litigation 7381853v2

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

4.01   The total Projected Distribution under the Plan of Reorganization is as follows:

| Class | Estimated Distribution as % of Allowed Claim | Method of Payment |
|---|---|---|
| Class 1 | 100 % | Paid at confirmation; |
| Class 2 | 100 % | Allowed secured claim paid on the Effective Date of the Plan; |
| Class 3 | 100% | Converted into 55% ownership interest and $500,000.00 senior secured Note; |
| Class 4 | 4 % | Disputed secured claims paid on the Effective Date of the Plan *pro rata*; |
| Class 5 | 4% | Allowed unsecured claims paid on the Effective Date of the Plan; |
| Class 6 | 100 % | Allowed secured claim of former Landlord for attachment on two (2) pieces of equipment; |
| Class 7 | 0 % | Pre-petition shares will be cancelled. |

056420/00000 Litigation 7381853v2

## ARTICLE V

## AMENDMENT OF CONFIRMED PLAN

Except as otherwise specifically set forth in the Plan, any term of the Plan may be amended and the observance of any term of the Plan may be waived (either generally or in a particular instance, and either retroactively or prospectively) upon compliance with the provisions of the following:

5.01 The Debtor, upon notice and hearing to all holders of Claims and Interests still unpaid, may amend any term or condition of the Plan. However, if a proposed amendment does not diminish or delay the amount to be paid to creditors, then notice of any such proposed change needs to be given only to the attorney for the unsecured creditors' committee, the United States Trustee's Office, parties who have filed notices of appearance with the Court, and any creditor adversely affected by the proposed amendment.

5.02 Holders of Claims or Interests, with the concurrence of the Debtor, may amend or waive any terms or conditions of the Plan relating to or for the benefit of its respective claims or interest.

## ARTICLE VI

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this Chapter 11 case until there has been substantial consummation of the Plan. Assuming that the other conditions of 11 U.S.C. §1101(2) are satisfied, the Court may find a Plan to be substantially consummated at the time the first payment is made pursuant to the Plan.

# ARTICLE VII

## EXECUTORY CONTRACTS AND LEASES

7.01 Assumption of Executory Contracts and Leases.

All executory contracts and leases will be assumed following confirmation, with the exception of:

    a)     Herbert Armstrong – Employment Contract;

    b)     Richard Saburro – Employment Contract;

    c)     KiON/Clariant:

            (i)     Joint Process Improvement:

            (ii)     Joint Development;

            (iii)     Supply Agreement;

            (iv)     Cooperation of Sales/Marketing;

    d)     Stuart Brody – Independent Consulting Services Agreement;

    e)     Kamatics Corporation – Agreement for Source of Supply;

    f)     Northeast Gas Technologies, Ltd.

7.02 Reservation of Rights.

Debtor reserves the right to reject pursuant to Section 365 of the Code prior to the Confirmation Date any executory contract.

## ARTICLE VIII

## CHANGES IN OWNERSHIP AND MANAGEMENT

The Debtor's ownership will change as a result of the confirmation of the Plan. The new shareholders shall be Andrew Skinner (22.5%), Guillermo Borges (22.5%), and Palladium Equity Partners III, L.P. (55%).

As is set forth in Exhibit "A", which is incorporated into this Plan by this reference, Andrew Skinner and Guillermo Borges will manage the Debtor post confirmation.

The Debtor has no retiree benefits due either pre-petition or post-petition and, therefore, there will be no change to the administration of retiree benefits.

## ARTICLE IX

## MISCELLANEOUS

9.01 <u>Headings</u>. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

9.02 <u>Notices</u>. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by telex or other telegraphic means or mailed by registered or certified mail, return receipt requested:

    a)     If to Debtor, Starfire Systems, Inc., with copies to its attorneys, Hodgson Russ LLP, Richard L. Weisz, Esq. of Counsel, 677 Broadway, Suite 301, Albany, NY, 12207;

    b)     If to a holder of an Allowed Claim or Allowed Interest, at the address set forth in its allowed Proof of Claim or proof of interest, or, if none, at its address set forth in the schedule prepared and filed with the Court pursuant to Rule 1007(b);

- 10 -

056420/00000 Litigation 7381853v2

c) Notice shall be deemed given when received. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this Section to the person to be charged with the knowledge of such change.

9.03 Section and Article References. Unless otherwise specified, all references in the Plan to Sections and Articles are to Sections and Articles of the Plan.

9.04 Reservation of Rights. Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to this Plan shall (a) be or be deemed to be an admission against interest and (b) until the Distribution Date, be or be deemed to be a waiver of any rights which any creditor might have against Debtor or any of its properties or any other creditor of Debtor, and until the Distribution Date all such rights are specifically reserved. In the event that the Distribution Date does not occur, neither this Plan nor any statement contained herein, may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case involving Debtor.

9.05 Notwithstanding any other provision contained in this Plan, all rights or causes of action held by the debtor in possession as of the date immediately preceding the date of the confirmation of this Plan, including, without limitation, actions pursuant to §542, §543, §544, §545, §547, §548, §549 and §550 of the U.S. Bankruptcy Code shall, after the date of the confirmation of this Plan, be property of the reorganized debtor and the reorganized debtor shall have standing with respect to any such right or cause of action.

## ARTICLE X

## EFFECTS OF CONFIRMATION

10.01 Because the Debtor will continue to operate after confirmation of the Plan, confirmation of the Debtor's Plan will discharge all pre-petition debts of the Debtor whether or not a proof of claim has been filed by a creditor and even if a particular creditor does not vote for the Plan (*See*, 11 U.S.C. §1141).

10.02 The confirmation of the Plan will vest all of the property of the estate in the Debtor.

10.03 The contents of a confirmed Plan are binding on any creditor, equity security holder or general partner of the Debtor.

10.04 The Bankruptcy Court will retain jurisdiction until there is substantial consummation of the Plan.

10.05 Shareholders will lose their shares and creditors will receive less than 4% of their claim. This may entitle them to tax distributions depending on their individual situation. They should contact their own tax advisor to determine the actual tax compromise for them upon confirmation of the Plan.

056420/00000 Litigation 7381853v2

## ARTICLE XI

## DISPUTED CLAIMS AND INTERESTS

The Plan provides a mechanism for resolving disputes concerning the amount of any Claim or Interest and for making a distribution on account of any such Claim or Interest once the dispute has been resolved.

If the Schedule of Assets and Liabilities or any amendment thereto filed by the Debtor with the Bankruptcy Court (the "Schedules") listed your Claim in a particular amount and with a particular or no priority and did not indicate that the amount of the Claim is disputed, then the Debtor does not intend to object to the allowance of your Claim in that particular amount. This means that, unless you have filed a proof of claim in a larger amount or some party in interest (such as the Committee or any individual Creditor or Security Holder) files an objection to your Claim and gives you notice thereof, your Claim will be allowed in time to receive the Initial Distribution and any subsequent distributions to your Class. The Debtor reserves the right under his Plan to challenge any claim. Pursuant to Bankruptcy Rule 3007-1 of the Northern District of New York, objections to claims must be filed and served no later than ten (10) days after entry of the Order of Confirmation.

If the Schedules indicate that your Claim is disputed, or if you filed a proof of claim in a larger amount than is listed in the Schedules, then an objection to your Claim will likely be filed. In addition, if you have filed a proof of claim seeking alleged damages arising from the Debtor's rejection of an executory contract or unexpired lease, then, if the Debtor disagrees with your Claim, it will be disputed.

Until such time as the amount of a Disputed Claim or Interest is determined, the holder of the Claim will not participate in any distributions made to other members of the same class for the amount in dispute. However, there will be set aside and reserved by the estate the property the Claimant would be entitled to receive if the Claim or Interest were allowed in the full amount sought by the Claimant. Once the amount of the Claim has been determined, whether by agreement or by a Final order of the Bankruptcy Court, this amount will form the basis for a distribution to the Claimant equal to the amount that would have been distributed if the Claim or Interest had been allowed in that amount on the Consummation Date.

DATED: June 4, 2010

HODGSON RUSS LLP
Attorneys for Debtor

By: _____
RICHARD L. WEISZ
677 Broadway, Suite 301
Albany, New York 12207
(518) 465-2333

STARFIRE SYSTEMS, INC.

By: _____
ANDREW SKINNER
CHIEF OPERATING OFFICER